## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **LATAWRENCE W. WHITE,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:22-00471-KD-N** |
| | ) |
| **SHERIFF'S DEPARTMENT,** *et al.*, | ) |
| **Defendant.** | ) |

## ORDER

Plaintiff Latawrence W. White[1] – who is proceeding without counsel (*pro se*) – filed a civil complaint in this Court, along with a contemporaneous motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), on November 21, 2022. (Docs. 1, 2).[2]

While Plaintiff's filings are on this Court's proper forms, both filings contain several deficiencies. From a high level of generality, White's complaint appears to consist of unclear allegations against the Mobile Police Department and various other defendants[3] for an alleged violation of his rights relating to a possible arrest and

---

1 Both the complaint and IFP motion list Plaintiff's name as "Latawrence W White 2." (*See* Docs. 1, 2). A "NeKenya T. Taylor" is also listed as a potential co-Plaintiff in the complaint, though no additional information on Taylor is provided. (*See* Doc. 1, PageID.4).

2 The District Judge assigned to this case referred these filings to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (11/21/2022 electronic reference).

3 The second page of Plaintiff's form complaint lists the following Defendants: the Mobile Sheriff's Department, the Mobile Police Department, "Mauss," Metro County Jail, state civil court, state district court, "MSSA ILA Pension Plan," "CSA," APM Terminals, Cruise Terminals, USA Pediatrics, USA Pain Management, USA Orthopedics, USA [Neurosurgeon], Spring Hill Medical Center, USA Hospital, the United States Postal Service, the Internal Revenue Service, the Social Security Administration, "Nazis," the Ku Klux Klan, "Confederate," and "White [Supremecist]." Additionally, the third page of Plaintiff's form complaint lists the following Defendants: "USA Women and Children," Benchmark Physical Therapy and "Idury Treatment Center." (*See* Doc. 1, PageID.3). Several other Defendants are crossed out on this third page, many of whom were listed on page two. (*See id.*).

seizure of a firearm. (*See* Doc. 1, PageID.5). No details are provided as to when this alleged arrest occurred, nor does it explain the role(s) played in it by the various named Defendants.

Further, the complaint does not explain why this Court has jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1), does not make a "plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2), nor make a demand for relief sought as required by Federal Rule of Civil Procedure 8(a)(3). (*See generally*, Doc. 1). Additionally, Plaintiff's IFP motion leaves several sections blank. (*See generally*, Doc. 2). Accordingly, the undersigned **ORDERS** Plaintiff White to, **no later than December 13, 2022**:

1) File an amended complaint, including the information described in pages sixteen through eighteen of the *Pro Se* Litigant Handbook; and,

2) Pay the $402 filing fee for this civil action;[4]  or,

3) Refile his motion to proceed without prepayment of fees, filling out all applicable sections.

Additionally, the Clerk is **DIRECTED** to send White a copy of the Court's Pro Se Litigant Handbook.[5]

Failure to comply with this directive will result in entry of a recommendation

---

4 Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. (last visited Nov. 29, 2022).

5 The Court's *Pro Se* Litigant Handbook, along with other helpful resources for *pro se* litigants, can be found on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.

to the Court that White be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or failure to comply with a court order.[6]

In light of his *pro se* status, White is reminded that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by him personally and provide his "address, e-mail address, and telephone number."[7] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed

---

[6] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

[7] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

and shall include, directly beneath the signature line, his or her name, address and telephone number.").[8]  Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

White is encouraged to review the resources available for *pro se* litigants on the Court's website: https://www.alsd.uscourts.gov/filing-without-attorney.

**DONE** and **ORDERED** this the 29th day of November 2022.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] Unless and until White registers with the Clerk of Court to electronically file, he must handwrite his signature on all future filings with this Court in order to comply with Rule 11(a). Should he desire to set up an electronic-filing account, he should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf).

This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).