IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATAWRENCE W. WHITE,  )  |  |
|       Plaintiff,           )  |  |
|                            )  |  |
| v.                         )  | CIVIL ACTION NO. 1:22-00471-KD-N |
|                            )  |  |
| SHERIFF'S DEPARTMENT, *et al.*, )  |  |
|       Defendant.           )  |  |

## **ORDER**

This civil action is before the Court on review of an amended motion to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), filed by Plaintiff Latawrence W. White on December 8, 2022. (Doc. 4).[1] White – who is proceeding *pro se* – filed civil complaint in this Court on November 21, 2022, along with a contemporaneous IFP motion. (Docs. 1, 2). Initial review of Plaintiff's filings indicated several deficiencies, and in an order dated November 29, 2022, the undersigned instructed Plaintiff to: (1) file an amended complaint, including the information described in pages 16-18 of the *Pro Se* Litigant Handbook,[2] and (2) pay the $402 filing fee for this civil action, or refile an IFP motion, filling out all applicable sections. White partially complied with the Court's instructions, filing the amended IFP motion on September 8, 2022. (Doc. 4).[3]

White's amended IFP motion remains deficient in several aspects, and does not

---

[1] This case has been directly assigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and S.D. Ala. GenLR 73(c); (11/21/2022 electronic reference).

[2] White was provided with this resource pursuant to the Court's prior order. (Doc. 3).

[3] Plaintiff has not yet complied with the Court's instruction to file an amended complaint. (Doc. 3).

provide sufficient information for the undersigned to make a determination of whether he should be granted IFP status. For example, Plaintiff lists that he is employed by the International Longshoreman's Association ("ILA") and makes approximately $6,000 per month. (Doc. 4, PageID.16). However, the next section on the form, which deals with unemployment, indicates Plaintiff received $7,500 in his last month of employment with ILA. Thus, it is unclear whether Plaintiff is currently employed or not. (*Id.*).

Additionally, following the prompt for ownership of real property in the "Financial Status" section of the form, Plaintiff writes "Lakeview Loan Servicing LLC" and provides an address in Philadelphia, Pennsylvania. (*Id.*). White also provides an estimated value of $109,000 and an amount owed of $74,000. It is not clear whether this entry represents a property owned by White, or if he is providing the balances owed on loans to Lakeview Loan Servicing. (*Id.*).

Further, in the "other assets" section, White includes upward of 15 entries, though it is not clear whether these entries are assets or liabilities. (*Id.*). For example, "Mobile Municipal Court Case 700.00" could mean a $700 judgment in his favor or it could represent $700 that he was required to pay following a judgment against him. Other examples of incomplete and/or unclear aspects of the form include: (1) in the section labeled "Rent payments, interest or dividends," White provides "$657, 7,000," (2) in the section labeled "Tax refunds, Veteran benefits or social security benefits," White provides "$70008769," and in the "any other sources" section, he simply states "SSA IRS SSA Retirement Disability," but provides no additional information on how

2

much assistance was received (if any). (Doc. 4, PageID.17).

The above-mentioned examples are just some of the several deficiencies presented by White's IFP motion. And based on the information contained therein, the undersigned is unable to reach an informed decision as to whether White is eligible for IFP status. Accordingly, White is **ORDERED** to, by no later than **January 8, 2023:**

1) File an amended complaint, including the information described in pages 16-18 of the Pro Se Litigant Handbook; and,

2) Pay the $402 filing fee for this civil action;[4] or,

3) Refile a second amended IFP motion, filling out all applicable sections with sufficient clarity.

White is again reminded that failure to comply with this directive will result in an entry of a recommendation to the Court that White be denied leave to proceed IFP in this action, and that this action be dismissed without prejudice *sua sponte* for failure to prosecute, failure to pay the statutory filing fee and/or non-compliance with a court order.[5]

---

4 Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. (last visited Nov. 29, 2022).

5 *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *see also, Betty K. Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting district court's inherent authority to *sua sponte* dismiss a case under Rule 41(b)), *and Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (explaining *sua sponte* dismissal is appropriate "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." (internal quotation omitted)).

Further, in light of his *pro se* status, White is again reminded that "[a]ll persons proceeding pro se shall be bound by, and must comply with, all Local Rules of this Court," as well as the applicable federal rules of procedure, "unless excused by Court order." S.D. Ala. GenLR 83.5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A pro se [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

Additionally, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be <u>signed by him personally</u> and provide his "address, e-mail address, and telephone number."[6] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number.").[7] Under this Court's local rules, "[a]ny person proceeding *pro se*

---

6 "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

7 Unless and until White registers with the Clerk of Court to electronically file, he must handwrite his signature on all future filings with this Court in order to comply with Rule 11(a). Should he desire to set up an electronic-filing account, he should contact the Office of the Clerk of Court for this district. *See also* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2021) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf).

This point cannot be emphasized enough, and Plaintiff is hereby noticed that repeated failure to personally sign filings may result in sanction as the Court sees fit, pursuant to its inherent powers to manage its docket. *See Mulautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir. 1993) ("Deeply rooted in the common law tradition is the power of any court to manage its affairs which necessarily

must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change in address … Failure to comply with this Rule may result in sanction, including the dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

White is encouraged to review the resources available for *pro se* litigants on the Court's website: https://www.alsd.uscourts.gov/filing-without-attorney.

**DONE** and **ORDERED** this the 19th day of December 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

.

---

includes the authority to impose reasonable appropriate sanctions upon errant lawyers practicing before it. Courts' inherent power also extends to parties to litigation." (internal citation and quotation omitted)).